# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **RONALD WAYNE JACKSON** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | |
| ] | **CV-09-BE-1988-S** |
| **MULTISERV,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |
| ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

This matter comes before the court on "Defendant's Motion for Summary Judgment" (doc. 39). After the court granted the Plaintiff two extensions of time to respond to this motion (docs. 45 & 48), the Plaintiff filed no responsive brief and filed no objections to the Defendant's statement of undisputed facts. However, he did file a response to the motion (doc. 50), asserting the Plaintiff's entitlement to further discovery and attaching his own affidavit that attested to his inability to fully respond to the motion for summary judgment without further discovery[1]. He also filed several statements of co-workers (docs. 53-56). The court held a hearing on the motion for summary judgment on May 11, 2011, and Mr. Kenneth Lay represented the formerly *pro se* Plaintiff at that hearing.

For the reasons stated on the record at the hearing and summarized below, the court finds

---

[1] The court addressed the Plaintiff's assertion that he was entitled to additional discovery in its Order (doc. 66) on the Plaintiff's last motion to compel (doc. 52).

1

that no genuine issues of material fact exist as to any of Plaintiff's claims and that Defendant is entitled to judgment as a matter of law, as specified below.

As to the claim for pay discrimination, the court finds that the Plaintiff failed to exhaust administrative remedies, and thus, the motion for summary judgment is due to be granted as to that claim.

As to the claim for race discrimination based on his alleged demotion from front-end loader operator, the court finds the Plaintiff did not establish that he had been promoted to the front-end loader operator position, and that, even if he did establish that fact, he did not present evidence of a white comparator who was treated more favorably, or otherwise establish a *prima facie* case. Thus, the motion for summary judgment is due to be granted as to that claim.

As to the claim of a racially hostile work environment, the court finds that the Plaintiff failed to provide evidence establishing that the Defendant's conduct was "so objectively severe or pervasive as to alter the terms and conditions of [his] employment." *McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008) (containing the language quoted as the standard for establishing a racially hostile work environment claim). Thus, the motion for summary judgment is due to be granted as to that claim.

As to the claim of race discrimination based on the Plaintiff's firing, the court finds that the Plaintiff failed to present evidence of a similarly situated white employee whom the Defendant treated more favorably, and has otherwise failed to establish a *prima facie* case. Thus, the motion for summary judgment is due to be granted as to that claim.

The court also finds that the motion for summary judgment is due to be granted as to the claim of retaliatory firing based on the Plaintiff's filing of an EEOC charge. Assuming *arguendo*

that the Plaintiff met his *prima facie* case on this claim, the court finds that the Defendant articulated a legitimate, non-discriminatory reason for his firing, and that the Plaintiff failed to meet his burden of presenting evidence that the articulated reason was a pretext for discrimination.

Because no claims remain, the court will enter separately a final judgment for the Defendant.

DONE and ORDERED this 17th day of May, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE