# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RONALD WAYNE JACKSON** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] |
| | ]   CV-09-BE-1988-S |
| **MULTISERV,** | ] |
| | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION

This matter comes before the court on "Plaintiff's Motion to Alter, Amend, or Vacate" pursuant to Rule 59 of the Federal Rules of Civil Procedure (doc. 75). On May 17, 2011, the court granted Defendants' motion for summary judgment and entered judgment in favor of the Defendant and against Plaintiff on all claims (doc. 72). In the instant motion, the Plaintiff argues that the court's ruling granting summary judgment was in error. The court has carefully considered this motion and the arguments presented within it. For the reasons stated in this Memorandum Opinion, the court finds that the motion is due to be DENIED.

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267-8 (N.D.Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Id.* (quoting *Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)). Neither should they be "a platform to relitigate arguments previously considered

and rejected." *Reuter,* 440 F. Supp. 2d at 1268 n. 9.  Rather, they should be "only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center,* 294 F. Supp. 2d at 1355.

In the instant motion, the Plaintiff does not argue that an intervening change in controlling law occurred or that new evidence is now available.  Rather, the basis of the Plaintiff's motion appears to be that the court's rulings on the motion for summary judgment and motions to strike constituted clear error.  Therefore, the court will address the alleged errors that the Plaintiff's motion raises.

The Plaintiff raises the following errors: (1) the court failed to view the facts in the light most favorable to the Plaintiff; (2) the court erred in granting summary judgment on the claim for a hostile work environment based on race, because the affidavits of the Plaintiff and co-workers established a genuine issue of material fact on this claim; (3) the court erred in granting summary judgment on the claim of race discrimination because the Plaintiff presented substantial evidence of the company's more favorable treatment of white employees compared to that of black employees; (4)  the "court erred in failing to grant the Plaintiff further discovery pursuant to his Rule 56(f) motion" so that he could adequately respond to the motion for summary judgment; (5) the court erred by striking one of the affidavits submitted by one of Plaintiff's co-workers; and (6) the court erred by refusing to strike the affidavit testimony of Jamie Heil.

In the first alleged error listed above, the Plaintiff makes a general allegation with no specific instance in which the court did not view the facts in the light most favorable to the Plaintiff.  Given that vague allegation, the court cannot agree that clear error exists.

In the second and third alleged errors listed above, the Plaintiff challenges the court's ruling on the harassment and race discrimination claims. The court notes that the Plaintiff elected *not* to file a responsive *brief* to Defendant's motion for summary judgment addressing these claims or to file objections to Defendant's statement of undisputed facts, even though the court provided him with two extensions of time to prepare such a response (docs. 45 & 48). Given the Plaintiff's previous failure, the court finds inappropriate his attempt "to relitigate old matters" and to respond at the Rule 59 stage to Defendant's summary judgment arguments with case law raising arguments that "could have been raised prior to the entry of judgment." *See, e.g., Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (finding that the district court correctly denied the plaintiff's motion to amend or alter the judgment and stating quoted language).

Further, the court gave Plaintiff an opportunity at the hearing on his motion for summary judgment to respond to the arguments raised in the motion for summary judgment and accompanying brief. To the extent that Plaintiff offered any arguments in response to the harassment and race discrimination claims at the hearing, the court rejected them, and the court will not revisit those same arguments. Under these circumstances, the court finds no clear error.

The fourth alleged error involves the court's denial of Plaintiff's motion pursuant to Rule 56(f). The current Rule 56(f) of the Federal Rules of Civil Procedure is entitled "Judgment Independent of the Motion" and does not appear to apply. In light of the 2010 amendment moving the provisions of former Rule 56(f) to subdivision (d), as well as the context of the Plaintiff's argument, the court must assume that the Plaintiff intended to request relief under Rule 56(d). That provision provides that when a nonmovant shows that he cannot yet present

facts essential to justify its opposition to a motion for summary judgment, a court may deny a motion for summary judgment, defer ruling on it, or allow the nonmovant additional time to obtain evidentiary material to oppose it. *See* Fed. R. Civ. P. 56(d). The court thoroughly addressed this issue in its Order dated May 20, 2011 (doc. 66), which ruled on the Plaintiff's motion to compel. Although the court will not repeat the entire Order or allow Plaintiff to reopen matters previously addressed and resolved, the court merely notes that in that Order it explained the lengths it had traveled to facilitate the discovery process for the then-*pro se* Plaintiff, the number of extensions it had granted on the Plaintiff's behalf, and, further, it documented that the "Plaintiff [had] failed to follow this court's directives regarding discovery matters and [had] failed to timely request an extension of the discovery period." (Doc. 66, at 2-3 & n.1). The court finds no clear error in its refusal, under these circumstances, to grant the Plaintiff additional time to conduct discovery *after* the filing of the motion for summary judgment.

The final alleged errors involve the court's orders on motions to strike. The court finds no clear error in its striking of a handwritten letter filed by the Plaintiff when that letter, as provided to the Defendant, was in large part unreadable and when the person making the statement was not identified in the document. The record does not reflect that the Plaintiff made any attempt after the court struck the letter to rectify the problems and re-file the letter as an acceptable affidavit or declaration. In any event, as the court noted in its Order on the motions to strike (doc. 70), nothing in the document would change the ruling on the motion. Therefore, no clear error exists based on that ruling.

The last alleged error involved the court's refusal to strike the affidavit of Jamie Heil. Because the affidavit complies with the requirements of Rule 56(c)(4) and the Eleventh Circuit's

4

current case law about affidavits and declarations in support of summary judgment, the court finds no clear error.

For all the reasons listed above, the court further finds that its rulings do not cause manifest injustice to the Plaintiff.

Therefore, having found that the Plaintiff has not met the standard for relief under Rule 59, the court finds that the motion is due to be DENIED.

Dated this 12th day of January, 2012.

                                              KARON OWEN BOWDRE
                                              UNITED STATES DISTRICT JUDGE